BLD-197                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2047
_____

IN RE:  BRIAN TYSON,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-06-cv-00290)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 7, 2012

Before: SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  June 27, 2012)
_____

OPINION
_____

PER CURIAM

Brian Tyson petitions for a writ of mandamus directing the Magistrate Judge to

issue another report and recommendation based on the claims he raised in his habeas

corpus petition.  For the reasons that follow, we will deny the petition.

In 2000, a Pennsylvania jury found Tyson guilty of third degree murder and

possession of an instrument of crime.  The Pennsylvania Superior Court affirmed, and

1

the Pennsylvania Supreme Court denied allocatur in 2004. Tyson unsuccessfully sought relief under the Pennsylvania Post Conviction Relief Act.

In 2006, Tyson filed a habeas petition pursuant to 28 U.S.C. § 2254 in District Court, which dismissed the petition as an improper second or successive habeas petition. Tyson appealed, and on September 15, 2009, we reversed and remanded for further proceedings.

During the course of those proceedings, Tyson filed several different habeas petitions and multiple amendments. The Magistrate Judge treated the habeas petition filed on March 6, 2009, as the operative petition. On February 28, 2012, the Magistrate Judge recommended dismissing the habeas petition with prejudice and without an evidentiary hearing. Tyson then filed a "motion to dismiss, moot, or invalidate" the report and recommendation as well as preliminary objections. Pursuant to two motions for extensions of time filed by Tyson, the District Court directed him to file objections to the Magistrate Judge's report and recommendation by July 12, 2012, and to inform the court by that date as to whether he needs additional time to respond to the report and recommendation. On April 19, 2012, Tyson filed this petition for a writ of mandamus.

In his mandamus petition, Tyson argues that the Magistrate Judge misconstrued the claims he presented in his habeas petition. He asserts that he is entitled to a report and recommendation based on the claims he actually raised, rather than the present report based on what he views as a mischaracterization of his claims. Accordingly, he asks us to order the Magistrate Judge to issue such a report and recommendation.

2

Mandamus is an appropriate remedy only in extraordinary situations. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). A party seeking mandamus must show that he has "no other adequate means to attain the relief he desires" and that his right to the writ is "clear and indisputable." <u>Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.</u>, 426 U.S. 394, 403 (1976) (citations omitted). A writ of mandamus should not issue where relief may be obtained through an ordinary appeal. <u>In re Chambers Dev. Co., Inc.</u>, 148 F.3d 214, 223 (3d Cir. 1998).

Here, the District Court has yet to consider the report and recommendation of the Magistrate Judge. Tyson can still file objections to the report and recommendation, which is the proper procedure for challenging the Magistrate Judge's construction of his claims. Accordingly, we will deny Tyson's mandamus petition.